UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| JESSIE HAYES, | ) |
| Plaintiff, | ) Civil Action No. 2: 20-106-DCR |
| V. | ) |
| CAMPBELL CO. DET. CENTER, et al., | ) **MEMORANDUM OPINION** |
| Defendants. | ) **AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Pretrial detainee and Plaintiff Jessie Hayes is currently incarcerated at the Campbell County Detention Center in Newport, Kentucky. Proceeding without an attorney, Hayes has filed a civil rights complaint. [Record No. 3] By prior order, the Court granted Hayes' motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [Record No. 6] Thus, the Court now conducts a preliminary review of Hayes' complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.[1]

At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court evaluates Hayes' complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). However, the principles requiring generous construction

---

[1] A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997), abrogated on other grounds, *Jones v. Bock*, 549 U.S. 199 (2007).

of *pro se* pleadings are not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Wilson v. Lexington Fayette Urban County Government*, No. 07-cv-95-KSF, 2007 WL 1136743 (E.D. Ky. April 16, 2007). While the Court construes *pro se* pleadings with some leniency, "liberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).

Hayes' complaint alleges that, upon reviewing his motion of discovery in his criminal case, he noticed that his social security number was on his paperwork, as were his co-defendants, Charles Widener and Rebecca Hopper.[2] He also states that his social security number was spread throughout the jail and that "people were coming to see [him] as a result of this and had access to [his] social," which "is not good…in a jail with other criminals." [Record No. 3 at p. 2] Hayes does not identify any particular defendants to his lawsuit, but states that "[t]he district attorney and public defenders are responsible for this." [*Id*.] He later claims that the "Campbell County Detention Center released my info." [*Id*. at p. 8][3] Hayes states that he does not know which constitutional provision or federal law has been violated. [*Id*. at p. 3] But as relief, he seeks to have his criminal case dismissed or a "monetary case." [*Id*. at p. 7]

---

[2] It is not clear from Hayes' allegations whether he means that the social security numbers of his co-defendants were also on the paperwork or if he means that the paperwork identified them as his co-defendants.

[3] For administrative purposes only, the Clerk of the Court identified the Campbell County Detention Center, the "District Attorneys Office," and the "Public Defenders Office" as the Defendants in this case.

After reviewing the allegations of Hayes' complaint, the Court concludes that it must be dismissed for failure to state a viable claim for relief. A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). *See also* Fed. R. Civ. P. 8. In addition, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555.

As an initial matter, Hayes fails to identify any defendants to his claims at all. While the Clerk of the Court has identified the three parties mentioned by Hayes in his factual allegations (the Campbell County Detention Center, the "District Attorneys Office," and the "Public Defenders Office") as the Defendants for administrative purposes, none of these entities are viable defendants. The Campbell County Detention Center is merely a building - it is not a suable entity apart from the county that operates it. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). Even if the Court were to construe Hayes' claim as one against Campbell County, because a county government is only responsible under 42 U.S.C. § 1983 when its employees cause injury by carrying out the county's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), a plaintiff must specify the county policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Hayes makes no allegation that the events about which he complains are the product

of a county policy or custom. Therefore, he fails to state a claim for relief against the county. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

Likewise, Hayes may not pursue his claim against the Campbell County Commonwealth's Attorney Office (the "District Attorneys Office") or the Kentucky Department of Public Advocacy (the "Public Defenders Office"). The Eleventh Amendment to the United States Constitution specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages brought directly against a state, its agencies, and state officials sued in their official capacities. *Brent v. Wayne Co. Dept. of Human Servs.*, 901 F. 3d 656, 681 (6th Cir. 2018); *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993). Such entities are also not suable "persons" within the meaning of 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Kanuszewski v. Mich. Dept. of Health and Human Servs.*, 927 F. 3d 396, 417 n.11 (6th Cir. 2019). *See also Will v. Mich. Dept. of State Police*, 491 U.S. 58, 63-67, 71 (1989).

Kentucky itself is plainly entitled to immunity, and the Commonwealth's Attorney Office qualifies as an "arm of the state" for Eleventh Amendment purposes. *Joseph v. Office of Perry Cty. Com. Attorney*, No. 6:14-cv-97-KKC, 2014 WL 2742796, at *2 (E.D. Ky. June 16, 2014) ("The Commonwealth's Attorney's office, which is a constitutionally-established office of the state government, is without question an integral extension of the state such that suit against the office may be legitimately classified as brought against the Commonwealth.") (internal quotation marks omitted). Similarly, the Kentucky Department of Public Advocacy is a state agency for Eleventh Amendment purposes. *See* Ky. Rev. Stat. 31.010; *Lowe v. Kentucky Court of Justice*, No. 2:14-cv-168-KKC, 2015 WL 1526106, at *3 (E.D. Ky. Apr. 2,

2015) (citing *Westermeyer v. Kentucky Dep't of Pub. Advocacy*, No. 2:10-cv-131-DCR, 2011 WL 830342, at *3 (E.D. Ky. Mar. 3, 2011)). Thus, the only potential defendants referred to in Hayes' complaint are either immune from suit and/or not suable entities.

Hayes also fails to identify any specific state or federal law which he claims has been violated. Although the Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, it has no authority to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003). To the extent that Hayes' complaint could be broadly construed to implicate his rights under the United States Constitution, Hayes' allegations do not amount to a violation of his constitutional rights. Courts reviewing claims of this nature have couched the question in terms of whether the disclosure of assertedly "personal" or "private" information is a violation of a "right to privacy" which may (or may not) be embodied in the Fourteenth Amendment. On several occasions the United States Supreme Court has assumed that such a right exists (although not without dissent) for purposes of discussion but has declined repeated invitations to expressly find that the Fourteenth Amendment includes such a right. *Whalen v. Roe*, 429 U.S. 589, 603-05 (1977); *NASA v. Nelson*, 562 U.S. 134, 147-48 (2011). Following a similar tack, different federal courts have reached divergent results on the scope of the right of privacy. *Cf. Nunez v. Pachman*, 578 F.3d 228, 233 (3d Cir. 2009) ("... criminal records, including police reports, indictments, guilty verdicts, and guilty pleas, are inherently public - not private - documents and are thus beyond the purview of the Due Process Clause."); *Dillard v. City of Springdale, Arkansas*, 930 F.3d 935, 941-42 (8th Cir. 2019) (acknowledging existence of right but noting that it extends only to "the most intimate aspects of human affairs."); *Watts v. City of Miami*,

No. 15-21271-Civ-Scola, 2016 WL 8939143, at *6 (S.D. Fla. Feb. 22, 2016) ("Courts have found that disseminating personal information including social security numbers, driving history, photographs, vehicle tag numbers, driver's license numbers, personal signatures, home addresses, and birth dates did not violate the right to privacy under the Fourteenth Amendment.") (collecting cases).

The Sixth Circuit "has recognized an informational-privacy interest of constitutional dimension in only two instances: (1) where the release of personal information could lead to bodily harm, and (2) where the information released was of a sexual, personal, and humiliating nature." *Wiles v. Ascom Transp. System, Inc.*, 478 F. App'x 283, 295 (6th Cir. 2012) (quoting *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (citations omitted)).  Applying this standard, it has held that a county clerk's public disclosure of a person's social security number on a website did not implicate any privacy interest that is "implicit in the concept of ordered liberty," and thus did not establish a violation of rights protected by the Constitution. *Lambert*, 517 F.3d at 436, 442-46. *See also Barber v. Overton*, 496 F.3d 449, 455-57 (6th Cir. 2007) (release of prison guards' birth dates and social security numbers did not rise to level of constitutional violation); *Cutshall v. Sundquist*, 193 F.3d 466, 481 (6th Cir. 1999) ("the Constitution does not provide Cutshall with a right to keep his registry information private.")

In *Lambert*, the Sixth Circuit explained that, while "as a policy matter, the Clerk's decision to provide unfettered internet access to people's Social Security numbers was unwise … to constitutionalize a harm of the type [the plaintiff] has suffered would be to open a Pandora's box of claims under 42 U.S.C. § 1983, a step we are unwilling to take." *Lambert*, 517 F.3d at 445.  Thus, as in *Lambert*, Hayes' allegation that his social security number has

been released does not state a claim for violation of rights protected under the Fourteenth Amendment for which he may pursue a claim under 42 U.S.C. § 1983. *Id*. at 436.

For the reasons outlined above, it is hereby

**ORDERED** that Hayes' Complaint [Record No. 3] is **DISMISSED** and this matter is **STRICKEN** from the Court's docket.

Dated: August 3, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky